# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  07-20018-JWL** |
| | ) | |
| **SHAUNE FRAZIER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Defendant Shaune Frazier entered into a plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), pleading guilty to conspiracy to distribute or possess with intent to distribute more than 5 kilograms of cocaine and to distribute or possess with intent to distribute more than 50 kilograms of cocaine base ("crack") (docs. 211, 212).  The parties agreed that the sentence in the case would be 235 months.  The agreement provided: "The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence" (doc. 212, at 5).  In addition, Mr. Frazier waived "any right to challenge a sentence or otherwise attempt to modify or change his sentence . . . [including] a motion brought under Title 18, U.S.C. § 3582(c)(2)" (*id.* at 7).

The United States Probation Office prepared a presentence report (PSR), explaining that Mr. Frazier participated in a drug trafficking conspiracy between 2000 and 2006, and by 2003 the conspiracy was responsible for distributing at least 1 kilogram of cocaine base each month (doc. 273). Based on that determination, Mr. Frazier was attributed with distributing *at least* 4.5 kilograms of cocaine base, the threshold quantity yielding base offense level 38 at that time.[1] The base level offense of 38, along with a 3-level reduction for acceptance of responsibility, yielded a total offense level of 35. The Probation Office determined that Mr. Frazier's prior convictions for robbery and aggravated robbery subjected him to career offender status under U.S.S.G. § 4B1.1, yielding criminal history category VI. Mr. Frazier did not object to the PSR. If a guideline sentence had been imposed the range for imprisonment would have been 292-365 months.

On November 30, 2009, the court accepted the Rule 11(c)(1)(C) plea agreement (doc. 319). The defendant received a sentence of 235-months imprisonment (doc. 320). Mr. Frazier has now filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (doc. 352). For the reasons set forth below, that motion is denied.

## ANALYSIS

Mr. Frazier seeks to have his sentence reduced pursuant to 18 U.S.C. §

---

[1] Mr. Frazier's sentence was calculated under the United States Sentencing Commission, *Guidelines Manual* (2009).

3582(c)(2), based on "the newly enacted statute the Fair Sentencing Act 2010" (doc. 352, at 1). The Fair Sentencing Act (FSA) amended various United States Code provisions with respect to crack cocaine violations, raising the quantities of cocaine base required to trigger various statutory mandatory minimum sentences from a 100:1 to an 18:1 "crack-to-powder" ratio. The FSA directed the Sentencing Commission to amend the Sentencing Guidelines to conform with the new law within 90 days of the FSA's enactment. In response, the Sentencing Commission issued amended Guidelines based on the FSA's new mandatory minimum sentences. These amended Guidelines became retroactively effective on November 1, 2011. Mr. Frazier is ineligible for a sentence reduction based on the amendment, however, on three independent grounds.[2] The court will address these grounds below, but it must first resolve a procedural concern.

## 1. Waiver

Mr. Frazier signed a plea agreement that included a waiver of his right to seek a sentence reduction under § 3582(c)(2). The Government has not raised this waiver as a bar to this court's resolution of his § 3582 motion, however, and the court will not raise the issue sua sponte. *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006) ("the waiver is waived when the government utterly neglects to invoke the waiver"); *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (the government should file a motion to enforce plea agreement to enforce a waiver of rights contained

---

[2] Mr. Frazier seeks relief pursuant to the FSA, but the FSA was not made retroactive. The defendant's only basis for relief is the retroactive amendment to the Sentencing Guidelines.

in the agreement); *see also United States v. Callirgos-Navetta*, 303 F. App'x 585, 587 n.2 (10th Cir. 2008) (declining to enforce waiver sua sponte).

Therefore, the court may consider Mr. Frazier's motion without determining whether it is barred by the post-conviction waiver contained in the plea agreement.

## 2. Rule 11(c)(1)(C) Plea Agreement

In *Freeman v. United States*, the United States Supreme Court addressed whether a defendant who was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement could be eligible for § 3582 relief. 131 S. Ct. 2685 (2011). In a plurality opinion, *Freeman* concluded that no such bar exists. A four-member plurality determined that because the sentencing judge is required to take the guidelines into account before accepting the 11(c)(1)(C) plea agreement, a judge's decision to accept the agreement will always be based on the guidelines. *Id.* at 2692-93. Thus, the plurality concluded, a defendant is eligible for § 3582 relief when those guidelines are amended and made retroactive. *Id.* at 2695. Justice Sotomayor concurred in the judgment, but she reasoned that a sentence imposed by the court pursuant to a Rule 11(c)(1)(C) plea agreement is based on the agreement, not on the sentencing judge's assessment of the guidelines. *Id.* (Sotomayor, J., concurring). Justice Sotomayor concluded: Where a Rule 11(c)(1)(C) agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered . . . , the term of imprisonment is 'based on' the range employed and the defendant is eligible for

sentence reduction under § 3582(c)(2)." *Id.*

"When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977) (internal quotation marks omitted). As "Justice Sotomayor's concurrence delineates the narrowest grounds on which at least five Justices agree, . . . it is the controlling opinion." *United States v. Rivera-Martinez*, No. 09-1766, 2011 WL 6358033, at *4 (1st Cir. Dec. 20, 2011) (citing *Marks*, 430 U.S. at 193); *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011) (reaching the same conclusion); *United States v. Brown*, 653 F.3d 337, 340 & n.1 (4th Cir. 2011) (same), *cert. denied*, No. 11–6385, 2012 WL 33719 (Jan. 9, 2012).

Here, Mr. Frazier signed a Rule 11(c)(1)(C) plea agreement, stating that "the parties are not requesting imposition of an advisory guideline sentence" (doc. 212, at 5). As such, Mr. Frazier is ineligible for § 3582 relief because his Rule 11(c)(1)(C) plea agreement did not use a Guideline sentencing range to establish the term of imprisonment. *See Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring).

## 3. No Change in Applicable Guideline Range

Alternatively, Mr. Frazier is ineligible for § 3582 relief because his applicable guideline range remains unchanged. Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2)(B) provides that a reduction is not authorized if the retroactive amendments do not have the effect of lowering the applicable guideline range.

Here, the November 1, 2011 amendment to the sentencing guidelines does not change the applicable guideline range. To clarify, the PSR attributed Mr. Frazier with distribution of *at least* 4.5 kilograms of cocaine base, the threshold quantity yielding base offense level 38 at the time of Mr. Frazier's sentencing. The factual portion of the PSR specified that Mr. Frazier participated in a drug trafficking conspiracy between 2000 and 2006, and by 2003 the conspiracy was responsible for distributing at least 1 kilogram of cocaine base each month. Mr. Frazier did not object to the PSR. As such, he is easily accountable for 8.4 kilograms of cocaine base, the threshold quantity for base offense level 38 under the amended guidelines. *See* U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2011).

Thus, Mr. Frazier's applicable guideline range is unchanged, and he is ineligible for § 3582 relief.

## 4. Career Offender

Alternatively, even if Mr. Frazier was not attributed with the drug quantities set forth in the PSR, he is nonetheless ineligible for § 3582 relief due to his career offender status. Pursuant to U.S.S.G. § 4B1.1, Mr. Frazier's prior convictions for crimes of violence subjected the defendant to career offender status.  Under that provision, Mr. Frazier received a base offense level of 37.  *See* § 4B1.1.

In determining eligibility for § 3582 relief, the sentencing court is only to determine the guideline range assuming the amended guidelines had been in place at the time of sentencing.  U.S.S.G. § 1 B1.10(b)(1).  "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced *and shall leave all other guideline application decisions unaffected*."  *Id.* (emphasis added). As the career offender guideline application was unaffected by the November 2011 amendment, Mr. Frazier's base offense level would remain at 37, yielding an applicable guideline range of 262-327 months.

Thus, Mr. Frazier's applicable guideline range still exceeds the 235-month sentence he received, and he is ineligible for § 3582 relief.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's

Motion for Retroactive Application of Sentencing Guidelines (doc. 352) is denied.


**IT IS SO ORDERED** this 7th day of March, 2012.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

8