# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

  **Plaintiff,**

v.              Case No. 07-20018-JWL

**Shaune Frazier,**

  **Defendant.**

## MEMORANDUM & ORDER

In February 2009, defendant Shaune Frazier entered a plea of guilty to conspiracy to distribute or possess with intent to distribute more than 5 kilograms of cocaine and to distribute or possess with intent to distribute more than 50 grams of cocaine base ("crack"). The court accepted the parties' Rule 11(c)(1)(C) plea agreement and, in November 2009, sentenced Mr. Frazier to 235 months of imprisonment followed by five years of supervised release. This matter is now before the court on Mr. Frazier's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (doc. 442). In his motion, which is based on *Hughes v. United States*, 138 S. Ct. 1765 (2018), Mr. Frazier contends that he is now eligible for a sentence reduction under Amendment 782, because the Supreme Court has found that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is a guideline sentence for the purpose of 18 U.S.C. § 3582(c)(2). As will be explained, the motion is dismissed.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant

to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Mr. Frazier is not entitled to a sentence reduction pursuant to Amendment 782 because this amendment "does not have the effect of lowering the defendant's applicable guideline range" as required in U.S.S.G. § 1B1.10(a)(2). According to U.S.S.G § 1B1.10(b)(1), the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." *See United States v. Boyd*, 721 F.3d 1259, 1262 (10th Cir. 2013). Mr. Frazier's Presentence Investigation Report (PSR) calculated a base offense level of 38 under § 2D1.1 because the offense involved distribution of at least 4.5 kilograms of cocaine base. The base offense level of 38, along with a 3-level reduction for acceptance of responsibility, yielded an adjusted offense level of 35. But the PSR then recommended an enhancement to Mr. Frazier's sentence based on the career offender guideline, U.S.S.G. § 4B1.1. While that guideline did not increase Mr. Frazier's base offense level (because the total offense level under § 4B1.1 was 34, which was lower than the adjusted offense level of 35), the guideline was applied to increase Mr. Frazier's criminal history score from a Category IV to a Category VI. The PSR, then, calculated a guideline range of 292 months to 365 months based on the total offense level of 35 and a criminal history category of VI.

Mr. Frazier is not eligible for relief under Amendment 782. First, the Amendment does not change the applicable guideline range. As the court has previously noted in this case, the factual portion of the PSR specified that Mr. Frazier participated in a drug trafficking conspiracy between 2000 and 2006, and that by 2003 the conspiracy was responsible for distributing at least 1 kilogram of cocaine base each month. Mr. Frazier did not object to the PSR. As such, he is easily accountable for the threshold quantity of cocaine base that applies to base offense level 38 (25.2 kg of cocaine base) under the amended guidelines. Mr. Frazier's resulting guideline range, then, remains unchanged and no reduction is authorized. *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (When a defendant's offense level would be the same after applying the amendment, the amendment does not affect the defendant's Guidelines range, and the defendant is ineligible for a sentence reduction.).

Even if the court determined that Mr. Frazier was accountable for drug quantities that correspond to a lower base offense level, Mr. Frazier would still not eligible for a reduction. Under that scenario, Mr. Frazier's adjusted offense level would be lower than the career-offender base offense level, triggering a career-offender total offense level of 34. *See* U.S.S.G. § 4B1.1(b). Coupled with the career-offender mandatory criminal history category of VI, Mr. Frazier's amended guideline range would be 262 to 327 months in prison. Mr. Frazier's current sentence of 235 months is lower than the low end of the amended range and, accordingly, he is not entitled to a reduction. *United States v. Kurtz*, 819 F.3d 1230, 1235 (10th Cir. 2016) (district court lacks authorization to reduce a sentence when the original sentence is already less than the "lower bound" of the amended guideline range).

For the foregoing reasons, Amendment 782 does not provide any relief to Mr. Frazier and no reduction is authorized by the statute.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Frazier's motion for sentence reduction (doc. 442) is dismissed.

**IT IS SO ORDERED.**

Dated this 27th day of November, 2018, at Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge